**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **HORTENCIA PEREIDA** | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 2:21-cv-182** |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| **FEDEX GROUND PACKAGE** | § | |
| **SYSTEM, INC.** | § | |
| **Defendant** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE:

Plaintiff, HORTENSIA PEREIDA, files this Original Complaint complaining of FedEx Ground Package System, Inc. (FedEx), Defendant.

**I.**
**PARTIES, JURISDICTION AND VENUE**

1.     This action is brought in this Court under the provisions of 28 U.S.C. §1332(a)(1), because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2.     Venue is proper in the Eastern District Court pursuant to section 28 U.S.C. 1391(b)(2) in that the collision the subject of this case occurred in the Eastern District of Texas. Defendant FedEx is a corporation based out of Tennessee which maintains a presence in this district, which presence is sufficient to establish personal jurisdiction over said Defendant, and employs drivers such as Michael Arthur Boyle, who drives for FedEx within the Eastern District of Texas.

3.     Parties to this suit are:

Plaintiff:     Hortencia Pereida, who is a resident of Tyler, Texas.

Defendant:    FedEx Ground Package System, Inc. is a Delaware corporation with its principal place of business at 3630 Hacks Cross Rd., Bldg C3, Memphis, Tennessee, who may be served by serving its Registered Agent for Service, CT Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201.

## II.
## NATURE OF THE ACTION

4.    On or about July 25, 2020, Michael Arthur Boyle (Mr. Boyle), driving a 2020 Freightliner tractor, while in the course and scope of his employment with FedEx, was traveling westbound on W Gentry Parkway in Tyler, Texas behind Hortencia Pereida.  Ms. Pereida stopped at a flashing red light.  Mr. Boyle failed to stop his tractor rig and collided with Ms. Pereida.  Mr. Boyle chose not to pay attention and chose not to control his speed and instead chose not to stop at the flashing red light and crashed into Ms. Pereida from behind.  At all times Plaintiff was operating her vehicle in a prudent and safe manner.

5.    At the time of the collision in question, Michael Arthur Boyle was in the course and scope of his employment with FedEx and was driving a company vehicle.  As a result of Mr. Boyle's negligence and his vehicle colliding with the vehicle being driven by Ms. Pereida, Ms. Pereida suffered severe and debilitating injuries.

6.    Mr. Boyle was negligent in the manner in which he operated his company vehicle in that he chose not to pay the proper attention to the traffic in front of him and chose to drive too fast for the conditions that existed.  Said negligence proximately caused the severe crash and traumatic injuries and damages to Ms. Pereida.

7.    At all times material hereto, Mr. Boyle was employed by FedEx, and was acting at its direction and for its benefit, and was engaged in accomplishing a task for which he was employed by FedEx.  FedEx is legally liable for Mr. Boyle's negligent acts pursuant to the theories of

*respondeat superior* and vicarious liability.

8.      Whenever it is alleged in this Complaint that Defendant did any act or thing, it is meant that Defendant's agents, servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives did such act or thing, and at the time such act or thing was done it was done with the authorization of Defendant, or was done in the normal routine course of the agency or employment of Defendant.

### III.

9.      Plaintiff would show that Defendant committed acts which were negligent and grossly negligent and which were the proximate cause of the collision in question, and the resulting injuries to Plaintiff.  Defendant FedEx's choice not to develop, implement, train and/or enforce a safe hiring and driving program for its drivers constituted a systems failure by entrusting a vehicle to an unsafe driver which was negligence and gross negligence and a proximate cause of the collision, as well as Plaintiff's injuries

10.      Plaintiff would show that Defendant FedEx was negligent and grossly negligent in the hiring, training and supervision of Michael Arthur Boyle and in the entrustment of the subject vehicle to Michael Arthur Boyle who was acting in the course and scope of his employment, agency, or servitude of FedEx at the time of this wreck.

### IV.

11.      Mr. Boyle was operating a FedEx company vehicle in an extremely heedless and reckless manner and in total disregard of the rights of Plaintiff.  In other words, Mr. Boyle and FedEx were guilty of gross negligence.  FedEx was also guilty of gross negligence in entrusting its vehicle to Michael Arthur Boyle.  Plaintiff alleges that as an expert company driver, Michael Arthur

Boyle knows, and his employer FedEx knows, that a a commercial driver must be qualified, properly trained, and properly supervised by his or her employer.  Plaintiff alleges that this safety rule is so axiomatic that all companies know and understand it with regard to their drivers on the streets and highways of America, and specifically in Texas, or in the exercise of ordinary care they should know and understand it.  As a widespread company FedEx very well knew or should have known of this safety rule.

12.     However, in spite of their actual and constructive knowledge of this safety rule, FedEx acting through its agents, representatives, and vice principals, chose not to comply with and follow this safety rule.

V.

13.     Hortencia Pereida was 55 years old at the time of her injuries, the effects of which will continue for the remainder of her life.  She was in good health and enjoyed an outgoing lifestyle.  Before her injuries, Ms. Pereida was industrious and energetic.  As a result of the negligent and careless actions of Defendant, Ms. Pereida has suffered serious injuries to her back, neck, arms and body generally.  Defendant's actions caused such injuries to Ms. Pereida and/or aggravated previous injuries, if any, causing additional injuries to Plaintiff.

14.     Ms. Pereida seeks damages which will reasonably and fairly compensate her for the following losses:

   a.     Past and future physical pain and mental anguish, meaning the conscious physical pain and emotional pain, torment and suffering, experienced by her as a result of the occurrence in question;

   b.     Medical expenses, meaning the medical expenses which have been incurred on

behalf of the medical care for Ms. Pereida in the past, and which will in reasonable

probability be incurred in the future;

c.      Loss of earning capacity;

d.      Physical impairment, both past and future.

## PRAYER

15.      Plaintiff requests that the Defendant be cited to appear and answer, and that on final

trial Plaintiff recover:

a.      All actual, economic, compensatory, and exemplary damages in an amount in excess

of the minimum jurisdictional limits of the Court;

b.      Prejudgment and postjudgment interest at the legal rate, costs of court, and

c.      Such other and further relief as Plaintiff may be entitled to receive.

## JURY DEMAND

16.      Plaintiff makes a demand for a jury trial in accordance with Federal Rules of Civil

Procedure 38.

Respectfully submitted,

LAW OFFICE OF KEITH MILLER
100 E. Ferguson, Suite 101
Tyler, Texas 75702
Telephone: (903) 597-4090
Facsimile:  (903) 597-3692
State Bar No. 14093750
keith@5974090.net

ERSKINE & McMAHON, L.L.P.
P. O. Box 3485
Longview, Texas 75606
Telephone: (903)757-8435
Facsimile: (903)757-9429

By:  /s/ *Blake C. Erskine*
  Blake C. Erskine
  State Bar No. 06649000
  blakee@erskine-mcmahon.com

ATTORNEYS FOR PLAINTIFF